In view of the fact that the order at Special Term appealed from provides direction that the respondent Attorney-General "issue a letter accepting for filing the Plan to Convert to Cooperative Ownership Premises * * * within five days of service of Notice of Entry of this Order and Judgment", the time for the running of the period during which the senior citizens can make their election is thereby extended, and, therefore, all interested parties are properly accommodated. Accordingly, there is no need for the technical interpretation which the majority memorandum presents.

■ In the Matter of the SOCIETY OF THE NEW YORK HOSPITAL, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. — Order, Supreme Court, New York County (Wallach, J.), entered on February 2, 1981 and resettled order of said court, entered on April 1, 1981, unanimously affirmed, without costs and without disbursements. No opinion. Concur — Sandler, J. P., Carro, Silverman, Bloom and Fein, JJ.

■ In the Matter of NEW YORK EYE AND EAR INFIRMARY, Respondent, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Appellants. — Order, Supreme Court, New York County (Wallach, J.), entered on February 2, 1981 and resettled order of said court, entered on April 1, 1981, unanimously affirmed, without costs and without disbursements. No opinion. Concur — Sandler, J. P., Carro, Silverman, Bloom and Fein, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUSTIN BROWN, Appellant. — Judgment, Supreme Court, New York County (G. Roberts, J.), rendered on May 20, 1980, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's asigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Sandler, J. P., Carro, Silverman, Bloom and Fein, JJ.

■ In the Matter of R. LAWRENCE SIEGEL, Admitted as RUBIN L. SIEGEL, for Reinstatement. — Motion granted and petitioner reinstated posthumously, as an attorney and counselor at law in the State of New York, *nunc pro tunc,* as of July 6, 1981. Concur — Kupferman, J. P., Birns, Sullivan, Ross and Carro, JJ.

# (December 17, 1981)

■ JOSEPH KWIATKOWSKI, Respondent-Appellant, v NATIONAL STUDENT MARKETING CORP. et al., Defendants, and PEAT, MARWICK, MITCHELL & Co. et al., Appellants-Respondents. — Order, Supreme Court, New York County (Shainswit, J.), entered March 13, 1981, granting plaintiff's motion to vacate a prior stay of this action and denying plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, with costs and disbursements, plaintiff's motion to vacate the prior stay is denied and plaintiff's motion for partial summary judgment is dismissed on this basis, to wit, the continuance of the stay. By prior order, entered August 5, 1975, Special Term stayed the prosecution of the instant action pending disposition of the consolidated actions pending in the Federal courts with leave to plaintiff "to move to vacate the stay upon proper showing that plaintiff has been unduly prejudiced by any subsequent developments in the said actions". We affirmed